## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

**BILLY COLEMAN, JR. and**
**MONICA COLEMAN**

**PLAINTIFFS**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 2 1998

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**VS.**          **NO. H-C-98-** *133*

**NISSAN MOTOR COMPANY, LTD.,**
**NISSAN NORTH AMERICA, INC.**
**NISSAN MOTOR CORPORATION**
**IN U.S.A., NISSAN RESEARCH &**
**DEVELOPMENT, INC., and**
**TAKATA CORPORATION,**

**DEFENDANTS**

## COMPLAINT AT LAW

Come now your Plaintiffs and bring their Complaint for Damages against the

Defendants named above showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.      This is an action claiming damages for bodily injury, pain and suffering,

medical expenses, property damage, as well as punitive damages.

2.      Jurisdiction in this court is founded on diversity of citizenship pursuant to

28 U.S.C. §1332.  The amount in controversy exceeds $75,000 exclusive of interest

and costs.



3.    A substantial part of the events or omissions giving rise to the Plaintiffs' claims asserted herein arose within this district, and defendants are subject to personal jurisdiction in this district.  Therefore venue properly lies in this district pursuant to 28 U.S.C. §1391(a)(2) and (3)

4.    Plaintiff Billy Coleman, Jr. is a citizen of Widener, St. Francis County, Arkansas.  He is the husband of Plaintiff Monica Coleman.

5.    Plaintiff Monica Coleman is a citizen of Widener, St. Francis County, Arkansas.  She is the wife of Plaintiff Billy Coleman, Jr.

6.    Defendant Nissan Motor Company, Ltd. ("Nissan") is a foreign Japanese corporation doing business in this country and state.

7.    Defendant Nissan, in person or through agents, regularly does and solicits business in this state.

8.    Defendant Nissan derives substantial revenues from its products sold, used, or consumed in this state.

9.    Defendant Nissan, in person and through agents, otherwise engages in a persistent course of conduct directed towards this state, and avails itself of the benefits of the laws of this state so that subjecting it to jurisdiction here is consistent with due process.

10.    Defendant Nissan is subject to the jurisdiction of this court pursuant to

2

A.C.A. § 16-4-101, because it, its agents, or its employees have committed tortious acts or omissions inside or outside this state which have resulted in tortious injuries in this state and county, as more fully set forth herein.

11.    Defendant Nissan is the manufacturer and assembler of automotive products sold in the United States, and in Arkansas, including the automobile which is the subject of this action.

12.    Defendant Nissan may be served by delivering summons and complaint to Defendant Nissan North American, Inc., its subsidiary, alter ego, and agent for transaction of its business in this country and state.  Defendant Nissan may be served c/o Minoru Nakamura, President, Nissan North America, Inc., 990 West 190th Street, Torrance, California, 90502

13.    Defendant Nissan may be served by certified mail return-receipt requested with summons and complaint addressed to Nissan at its address in Japan, 17-1, Ginza 6-chome, Chuo-ku, Tokyo 104-8023, Japan, as provided by A.C.A. § 16-4-102.

14.    Defendant Nissan may be served by mail with summons and complaint pursuant to Article 10(a) of The Convention on The Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention, at its address in Japan, 17-1, Ginza 6-chome, Chuo-ku, Tokyo 104-8023, Japan.

3

15.     Defendant Nissan North America, Inc. ("Nissan North America") is a foreign corporation organized and existing under the laws of the State of Delaware.

16.     Defendant Nissan North America is the American headquarters for coordination of Nissan's subsidiaries.

17.     Defendant Nissan North America is a subsidiary and alter ego of Nissan, and is Nissan's agent for transaction of its business in this country and state.

18.     Defendant Nissan North America was and is a foreign corporation authorized to do business, and doing business, in Arkansas.

19.     Defendant Nissan North America may be served by serving its president Minoru Nakamura at Nissan North America, Inc., 990 West 190th Street, Torrance, California, 90502 with summons and complaint.

20.     Defendant Nissan North America may be served by certified mail return-receipt requested with summons and complaint addressed to Minoru Nakamura, President, Nissan North America, Inc., 990 West 190th Street, Torrance, California, 90502, as provided by A.C.A. § 16-4-102.

21.     Defendant Nissan Motor Corporation In U.S.A. ("Nissan USA") is a foreign corporation organized and existing under the laws of the State of Delaware.

22.     Defendant Nissan USA is a consolidated subsidiary of Nissan for the distribution of its vehicles in the United States.

4

23.     Defendant Nissan USA is a subsidiary and alter ego of Nissan, and is Nissan's agent for transaction of its business in this country and state.

24.     Defendant Nissan USA was and is a foreign corporation authorized to do business, and doing business, in Arkansas.

25.     Defendant Nissan USA may be served by serving summons and complaint on its Chief Executive Officer, Minoru Nakamura at 18501 S. Figueroa Street, Gardena, California, 90502.

26.     Defendant Nissan USA may be served by certified mail return-receipt requested with summons and complaint addressed to its Chief Executive Officer, Minoru Nakamura at 18501 S. Figueroa Street, Gardena, California, 90248, as provided by A.C.A. § 16-4-102.

27.     Defendant Nissan Research & Development, Inc. ("Nissan R&D") is a foreign corporation organized and existing under the laws of the State of Delaware.

28.     Defendant Nissan R&D is a consolidated subsidiary of Nissan for the research and Development of its vehicles in the United States.

29.     Defendant Nissan R&D is a subsidiary and alter ego of Nissan, and is Nissan's agent for transaction of its business in this country and state.

30.     Defendant Nissan R&D was and is a foreign corporation authorized to do business, and doing business, in Arkansas.

31.     Defendant Nissan R&D may be served by serving summons and complaint on its President, Keiichi Shinoara at 39001 Sunrise Drive, Farmington Hills, Michigan, 48331.

32.     Defendant Nissan R&D may be served by certified mail return-receipt requested with summons and complaint addressed to its President, Keiichi Shinoara at 39001 Sunrise Drive, Farmington Hills, Michigan, 48331, as provided by A.C.A. § 16-4-102.

33.     Defendant Takata Corporation ("Takata") is a Japanese corporation doing business in this country and state.

34.     Defendant Takata, in person or through agents, regularly does and solicits business in this state.

35.     Defendant Takata derives substantial revenues from its products sold, used, or consumed in this state.

36.     Defendant Takata, in person and through agents, otherwise engages in a persistent course of conduct directed towards this state and avails itself of the benefits of the laws of this state so that subjecting it to jurisdiction here is consistent with due process.

37.     Defendant Takata is subject to the jurisdiction of this court pursuant to A.C.A. § 16-4-101, because it, its agents, or its employees have committed tortious

acts or omissions inside or outside this state which have resulted in tortious injuries in this state and county, as more fully set forth herein.

38.     Defendant Takata is the manufacturer of automotive components installed in motor vehicles manufactured and assembled by Nissan and sold by Nissan North America and Nissan USA in the United States, and in Arkansas, including components of automobile which is the subject of this action.

39.     Defendant Takata may be served with summons and complaint by certified mail return-receipt requested with summons and complaint addressed to Takata at its address in Japan, 1-4-30, Roppongi, Minato-Ku, Tokyo, Japan, as provided by ACA § 16-4-102.

40.     Defendant Takata may be served with summons and complaint by mail pursuant to Article 10(a) of The Convention on The Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention, at 1-4-30, Roppongi, Minato-Ku, Tokyo, Japan.

## THE PRODUCT

41.     The product involved in this action is a 1989 Nissan Sentra automobile, VIN number JNIGB22S8KU536096, purchased and owned by Plaintiff Monica Coleman.

## THE COLLISION

42.    The collision forming the basis for this action is a one vehicle collision which occurred on or about October 5, 1995 at approximately 1:00 p.m., in Lonoke County, Arkansas, on Kerr Road, at its intersection with Panola Road, in which Billy Coleman, Jr. sustained serious personal injuries (the "collision").

43.    Plaintiff Billy Coleman, Jr. was driving the Nissan Sentra north on Kerr Road, when his right front tire dropped off the edge of the pavement, pulling his vehicle into a shallow ditch which paralleled Kerr Road.   When the vehicle reached the intersecting embankment of Panola Road, his vehicle flipped upside down, causing injuries and damages to Plaintiffs as herein set out.

## INJURIES AND DAMAGES

44.    As a direct and proximate result of the collision, Plaintiff Billy Coleman, Jr.:

(a)    has sustained, and will sustain, serious personal injuries, some of which are permanent;

(b)    has suffered, and will suffer, physical pain and mental distress, some of which is permanent;

(c)    has been, and will be, prevented from transacting his business;

(d)    has suffered, and will suffer, a diminished capacity to enjoy life, some of

8

which is permanent;

(e)     has sustained a diminished earning capacity, some of which is permanent;

(f)     has incurred expenses for medical and other care and treatment in the past in excess of $160,000.00;

(g)     will incur expenses for medical and other care and treatment in the future in excess of $10,000.00;

(h)     will be compelled to hire additional services; and

(i)     will sustain other special damage the nature and extent of which is not yet determined.

45.     As a direct and proximate result of the collision, Plaintiff Monica Coleman:

(a)     has lost a substantial portion of the love, society, companionship, assistance to which she was entitled in her marital relationship, both in the past, and in the future;

(b)     has lost the support and maintenance of her husband both past and future; and

(c)     has been, and will be, forced into a caretaking role in order to provide for the health and comfort of her husband now totally disabled.

## CONDITIONS PRECEDENT

46.    All conditions precedent to the bringing of this action and plaintiffs' right to the relief sought herein have occurred, have been performed, or have been excused.

47.    This action has been timely commenced within any applicable period of limitation or repose.

## COUNT I

## STRICT PRODUCTS LIABILITY

48.    Paragraphs 1 through 45 are incorporated by reference.

49.    Defendant Nissan, Nissan North America, Nissan USA, Nissan R&D, or some of them, designed, inspected, tested, manufactured, assembled, marketed, sold, and distributed the Nissan Sentra, and its components, including but not limited to, equipping it with its front seat occupant restraint system and supporting roof members.

50.    Defendant Takata designed, inspected, tested, manufactured, assembled, marketed, sold, and distributed the front seat occupant restraint system installed in the Nissan Sentra, and its components.

51.    Defendants Nissan, Nissan North America, Nissan USA, Nissan R&D and Takata had a legal duty to design, inspect, test, manufacture, distribute, and assemble the Nissan Sentra so that it would provide a reasonable degree of occupant protection and safety during foreseeable collisions occurring in the highway environment of its

10

expected use.

52.    The Nissan Sentra was equipped with a front seat occupant restraint system consisting of driver and passenger safety belts, shoulder harnesses. The Nissan Sentra was also equipped with a roof and certain roof supporting members.

53.    Defendants Nissan, Nissan North America, Nissan USA, Nissan R&D, Takata, or some of them, designed, inspected, tested, manufactured, assembled, marketed, sold, and distributed the front seat safety belt and shoulder harness restraint systems which were selected and installed in the Nissan Sentra.

54.    Defendants Nissan, Nissan North America, Nissan USA, Nissan R&D, or some of them, designed, inspected, tested, manufactured, assembled, marketed, sold, and distributed the roof and the roof supporting members which were selected and installed in the Nissan Sentra.

55.    Defendants Nissan, Nissan North America, Nissan USA, Nissan R&D and Takata, through both express and implied warranties, represented that the Nissan Sentra and its occupant restraint system and related components as well as its roof and roof support members were merchantable and fit for the use intended; that the occupant restraint system would operate properly to safely restrain and protect occupants; and that the roof and its supporting members would maintain the integrity of the passenger compartment and provide occupants with the safety space necessary for their protection

in foreseeable accidents occurring in the highway environment of the Nissan Sentra's expected use.

56. At the time and place of the collision the Nissan Sentra, including its front seat occupant restraint system, roof, and roof supporting members were in the same condition as when it left Nissan, Nissan North America, Nissan USA, and Nissan R&D's control, with the exception of ordinary wear and tear.

57. As designed, inspected, tested, manufactured, assembled, marketed, distributed, and sold by Nissan, Nissan North America, Nissan USA, and Nissan R&D, the Nissan Sentra is uncrashworthy, defective, and unsafe for foreseeable users and occupants because its occupant restraint system and component and related parts as well as roof and roof supporting members are inadequately designed and constructed and fail to provide a reasonable degree of occupant restraint and protection in foreseeable accidents occurring in the highway environment of its expected use.

58. There is an unreasonable likelihood that the safety belt and shoulder harness restraint system will fail to latch, unlatch, permit or allow inadvertent, accidental, or unintended release of the belt from its buckle. In addition, deterioration of the buckle and its plastic component parts is likely to cause the safety belt latch to malfunction resulting in occupant restraint system failure.

59. Following Plaintiff's collision, Plaintiffs received notice that the safety

belts in the Nissan Sentra were being recalled by Nissan USA because of a safety related defect.

60.    As designed, inspected, tested, manufactured, assembled, marketed, distributed, and sold the Nissan Sentra is uncrashworthy, defective, and unsafe for foreseeable users and occupants because the Nissan Sentra because its roof and supporting members are inadequately designed and constructed.  They fail to provide a reasonable degree of occupant protection and safety because there is an unreasonable likelihood they will crush, deform, and intrude into the needed occupant safety space and subject occupants to serious personal injuries.

61.    Each of these defects subjects the occupant to unreasonable risk of otherwise avoidable secondary collision injury due to occupant collision with the interior of the vehicle, exterior of the vehicle, or the environment outside the vehicle.

62.    Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata had a legal duty to warn the public and the Plaintiffs of these defects in the Nissan Sentra and the component parts with which it was equipped.

63.    Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata breached this duty by failing to warn the Plaintiffs of these safety related defects in the Nissan Sentra and its component parts, and failing to timely recall the Nissan Sentra because of known safety related defects in the occupant restraint system.

13

64.   During the collision Billy Coleman, Jr. was properly wearing his safety belt and shoulder harness.

65.   During the collision the Nissan Sentra's occupant restraint system did not operate as intended and warranted, failed to restrain Billy Coleman, Jr., and did not provide him with such reasonable degree of occupant protection as a reasonable consumer would expect.  The driver's side safety belt and shoulder harness unlatched or permitted or allowed inadvertent, accidental, or unintended unlatching or release of the belt from its buckle, subjecting Plaintiff Billy Coleman, Jr. to serious personal injury.

66.   During the collision the Nissan Sentra's roof and supporting members failed to provide a reasonable degree of occupant protection and safety.  The roof and supporting members crushed, deformed, and intruded into the needed occupant safety space, subjecting Plaintiff Billy Coleman, Jr. to serious personal injury.

67.   The wrongful acts and omissions of  Defendants Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata combined and cooperated with the defects in the Nissan Sentra as the concurring proximate cause of the enhanced second collision injuries suffered by Plaintiff Billy Coleman, Jr. in the collision.

68.   By reason of the foregoing, Plaintiff Billy Coleman, Jr. is entitled to recover damages for his personal injuries sustained as a proximate result of Defendants'

wrongful acts and omissions and the defective product.

69. In designing, manufacturing, assembling and marketing the Nissan Sentra and its component parts the wrongful acts and omissions of Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata were done willfully, wantonly, fraudulently, maliciously, oppressively, and with conscious indifference to consequences and the rights and safety of others so that punitive damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated.

WHEREFORE, PLAINTIFF BILLY COLEMAN, JR. DEMANDS trial by jury and judgment jointly and severally against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, for such sums as compensatory damages in excess of $75,000.00 as the evidence shows him to be justly entitled to recover as well as interest and attorney's fees, if applicable, and all costs of this action. Plaintiff Billy Coleman, Jr. demands further judgment against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, jointly and severally for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated.

## COUNT II

## PRODUCT LIABILITY - NEGLIGENCE, ETC.

70. Paragraphs 1 through 69 are incorporated by reference.

71. By reason of the foregoing, Billy Coleman, Jr. is entitled to recover his

damages proximately resulting from the willful, wanton, reckless, and negligent conduct of the Defendants.

WHEREFORE, PLAINTIFF BILLY COLEMAN, JR. DEMANDS trial by jury and judgment against jointly and severally against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, for such sums as compensatory damages in excess of $75,000.00 as the evidence shows him to be justly entitled to recover as well as interest and attorney's fees, if applicable, and all costs of this action.  Plaintiff Billy Coleman, Jr. demands further judgment against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, jointly and severally for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated.

## COUNT III

## PRODUCT LIABILITY - BREACH OF EXPRESS WARRANTY

72.     Paragraphs 1 through 69 are incorporated by reference.

73.     By reason of the foregoing, Plaintiff Billy Coleman, Jr. is entitled to recover his damages proximately resulting from Defendants' breach of express warranties.

WHEREFORE, PLAINTIFF BILLY COLEMAN, JR. DEMANDS trial by jury and judgment against jointly and severally against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, for such sums as compensatory damages in

16

excess of $75,000.00 as the evidence shows him to be justly entitled to recover as well as interest and attorney's fees, if applicable, and all costs of this action. Plaintiff Billy Coleman, Jr. demands further judgment against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, jointly and severally for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated.

**COUNT IV**

**PRODUCT LIABILITY - BREACH OF IMPLIED WARRANTY**

74.     Paragraphs 1 through 69 are incorporated by reference.

75.     By reason of the foregoing, Plaintiff Billy Coleman, Jr. is entitled to recover his damages proximately resulting from Defendants' breach of implied warranties of merchantability.

WHEREFORE, PLAINTIFF BILLY COLEMAN, JR. DEMANDS trial by jury and judgment against jointly and severally against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, for such sums as compensatory damages in excess of $75,000.00 as the evidence shows him to be justly entitled to recover as well as interest and attorney's fees, if applicable, and all costs of this action. Plaintiff Billy Coleman, Jr. demands further judgment against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, jointly and severally for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated.

## COUNT V

## SPOUSAL CLAIMS

76.     Paragraphs 1 through 69 are incorporated by reference.

77.     By reason of the foregoing, Monica Coleman is entitled to recover her damages caused by the wrongful acts and omissions of the Defendants and the defective product.

WHEREFORE, PLAINTIFF MONICA COLEMAN DEMANDS trial by jury and judgment against jointly and severally against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, for such sums as compensatory damages in excess of $75,000.00 as the evidence shows her to be justly entitled to recover as well as interest and attorney's fees, if applicable, and all costs of this action.  Plaintiff Monica Coleman demands further judgment against Nissan, Nissan North America, Nissan USA, Nissan R&D, and Takata, jointly and severally for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated.

EASLEY, HICKY, CLINE & HUDSON
Attorneys for Plaintiff

By:_____
    B. Michael Easley
    Arkansas Bar No. 74041
    Post Office Box 1115
    Forrest City, AR  72336-1115
    Phone:      870- 633-1447
    Fax:        870-633-1687

18